IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WITT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-11-1845 |
| WARDEN | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Plaintiff's court-ordered supplement was filed on August 2, 2011. ECF No. 3 and 4. Because he appears indigent, Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted.

Plaintiff was directed to supplement the Complaint because it did not contain facts supporting a cognizable claim; rather, it was simply a copy of a letter to members of a segregation review team. ECF No. 1. Plaintiff's Supplemental Complaint concerns allegations that correctional officers destroyed or stole property that was located in his cell during a search. ECF No. 3.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).[2]  Thus, the complaint

---

[1] Plaintiff may avail himself of remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office.

presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous. For the reasons stated, this case will be dismissed by separate order.

8-31-11
Date

By Alexander Williams, Jr. for RWT
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[2] Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing plaintiff's due process claim.